# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT METROPOLITAN DIVISION,<br><br>    Respondent. | 1:12-cv-00170-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK § 2254 FORM PETITION<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on January 25, 2012 in the United States District Court for the Eastern District of California, Sacramento Division.  On February 6, 2012, the petition was transferred to this Court.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

I.   Naming of Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in

1  charge of the parole or probation agency or state correctional agency.  Id.

2  In this case, petitioner names the Superior Court, as Respondent.  Although Petitioner
3  may have been convicted in the Superior Court, the Court cannot be considered the person
4  having day-to-day control over Petitioner.

5  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
6  for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,
7  1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir.
8  1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by
9  amending the petition to name a proper respondent.  See West v. Louisiana, 478 F.2d 1026, 1029
10 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
11 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
12 Washington, 394 F.2d 125 (9th Cir. 1968) (same).

13 II.    Exhaustion of State Court Remedies

14 In reviewing Petitioner's petition it is not clear what, if any, claims were exhausted in the
15 California Supreme Court.

16 A petitioner who is in state custody and wishes to collaterally challenge his conviction by
17 a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
18 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
19 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501
20 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
21 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

22 A petitioner can satisfy the exhaustion requirement by providing the highest state court
23 with a full and fair opportunity to consider each claim before presenting it to the federal court.
24 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
25 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
26 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
27 factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
28 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

3

1  Additionally, the petitioner must have specifically told the state court that he was raising a
2  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
3  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
4  violated his due process rights "he must say so, not only in federal court but in state court."
5  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

      Because it is unclear what, if any, claims presented in the instant federal petition for writ of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show cause regarding exhaustion.  If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

### III.    Failure to State a Cognizable Constitutional Claim

Petitioner must state his claim with sufficient specificity.  See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

In the instant petition, as best the Court can determine it appears Petitioner contends the trial court imposed an illegal enhancement.  However, the Court cannot decipher the exact nature of Petitioner's claim.  Nor has Petitioner alleged that the state courts' determination of this issue was contrary to or an unreasonable application of Supreme Court precedent.  Accordingly, the Court will allow Petitioner the opportunity to amend his claim.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.     The petition for writ of habeas corpus is hereby DISMISSED;

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

    2.       Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order;

    3.       The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254;

    4.       Failure to comply with this order will result in the action being dismissed which constitutes an adjudication on the merits. Fed. R. Civ. P. § 41(b).

IT IS SO ORDERED.

Dated:   **February 21, 2012**                         /s/ **Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE