# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PATTERSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT METROPOLITAN DIVISION,<br><br>　　　　　Respondent.<br>_____ / | 1:12-cv-00170-DLB (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 12] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on January 25, 2012. On February 21, 2012, the Court dismissed the petition and granted Petitioner the opportunity to file an amended petition to cure the deficiencies outlined in the order.

Petitioner filed an amended petition on March 5, 2012. For the reasons explained below, the amended petition for writ of habeas corpus must be dismissed.

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

1990).

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000).  Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)).  "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

I.       Naming of Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on

probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner names the Superior Court, as Respondent. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir. 1976). The Court previously advised Petitioner that the Superior Court cannot be considered the person having day-to-day control over Petitioner, and Petitioner has again failed to name the proper Respondent, thus dismissal is justified.

II.     Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

1    In the amended petition, Petitioner indicates that his appeal is "pending" in the state
court. Thus, it is clear Petitioner has failed to exhaust the state court remedies prior to filing in
this Court. Accordingly, dismissal is necessary.

III.    Failure to State a Cognizable Constitutional Claim

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) *be printed, typewritten, or legibly handwritten; and*
> (5) *be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.*

In the amended petition, Petitioner completely fails to set forth any grounds for relief, after previously being advised of the requirement to do so. Accordingly, dismissal of the amended petition is warranted.

IV.    Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>        (B) the final order in a proceeding under section 2255.

4

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is hereby DISMISSED;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

 Dated:  **April 4, 2012**      /s/ **Dennis L. Beck**
                   UNITED STATES MAGISTRATE JUDGE